UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KIRK NOEL ET AL** | **CASE NO. 6:18-CV-01217** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **K P GIBSON ET AL** | **MAGISTRATE JUDGE HANNA** |

MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment or Alternatively for Partial Summary Judgment [ECF No. 15] filed by the Acadia Parish Police Jury (the "Police Jury"). Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is GRANTED.

I.
BACKGROUND

Plaintiffs Kirk Noel, Leon Moye, Quincy Jack, and Joshua Leger (collectively, "Plaintiffs") were each incarcerated for a period of time at the Acadia Parish Jail (the "Parish Jail"). Plaintiffs allege that they were injured as a result of unconstitutional conditions and practices at the Parish Jail. Specifically, Noel was booked into the Parish Jail in November 2017 on non-violent, drug-related crimes.[1] Noel was a corrections officer for the Louisiana Department of Public Safety and Corrections.[2] Noel alleges that he informed the Parish Jail staff that he was a state corrections officer and expressed concern about his safety at the time he was booked into the Parish Jail.[3] Noel alleges that the staff at the Parish Jail ignored his concerns and placed him in the general population with other inmates.[4] Noel alleges that, because he was not properly classified as a high risk inmate,

---

[1] Original Complaint [ECF No. 1] at ¶ 12.
[2] *Id.* at ¶ 13.
[3] *Id.* at ¶ 15.
[4] *Id.* at ¶ 16.

1

he was attacked and injured by other inmates who recognized him as a corrections officer.[5] After the attack, Noel was examined by a medic and, upon his release, was treated for his injuries.

Plaintiff Moye was booked into the Parish Jail in April 2017 on non-violent, drug-related crimes.[6] Moye alleges that he was accosted by another inmate during a game of chess and that this inmate threatened him and directed racial slurs towards Moye.[7] Moye alleges that he immediately alerted the Parish Jail staff of the other inmate's threats.[8] Moye was locked in his cell at the time. He alleges that the jail staff responded to his complaint by opening his cell door and ordering him out into the common area with the other inmate who had threatened him earlier. Moye alleges that this other inmate proceeded to assault him.[9] Moye alleges that the inmate who assaulted him had been involved in prior incidents of violence against other inmates.[10] He alleges that the jail staff failed to intervene in the assault.[11] After the assault, Moye was taken for medical observation and transported to Acadia General Hospital.[12] He was ultimately transported to a medical facility in Baton Rouge, Louisiana. Moye alleges that the Acadia Parish Sheriff's Office "attempted to delay the transport."[13] Moye alleges that at one point, an Acadia Parish Sheriff's Office medic stated that he would have to determine whether Moye could be released from custody or whether the Acadia Parish Government would continue to fund his medical treatment.[14] Moye was ultimately transported back to the Parish Jail.

---

[5] *Id.* at ¶ 19.
[6] *Id.* at ¶ 25.
[7] *Id.* at ¶ 26.
[8] *Id.* at ¶¶ 26-28.
[9] *Id.* at ¶¶ 30-32.
[10] *Id.* at ¶ 34.
[11] *Id.* at ¶ 35.
[12] *Id.* at ¶ 38.
[13] *Id.*
[14] *Id.* at ¶ 40.

Plaintiff Jack was incarcerated at the Parish Jail in March 2018.[15] Jack alleges that he was in his assigned housing unit when he was attacked by four other unidentified inmates.[16] Jack alleges that, at the time of this assault, "the security system at the Acadia Parish Jail, which includes the camera and intercom system, was inoperable and had been inoperable for an extended period of time."[17] Jack also alleges that the inmates involved in his assault had prior records of violence against other inmates.[18] Jack alleges that he was not provided adequate medical care for the injuries that he received during the assault.[19]

Plaintiff Leger was incarcerated at the Parish Jail in June 2018.[20] While incarcerated, Leger alleges that he was assaulted by another inmate.[21] Leger alleges that the Parish Jail's security system, including cameras and the intercom system, was not operating at the time of the assault.[22]

Plaintiffs assert claims under 28 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert *Monell* claims and state law claims for intentional infliction of emotional distress and claims under La. Civ. Code art. 2315. These claims are brought against K.P. Gibson, individually and in his capacity as the duly elected Sheriff for the Parish of Acadia; Laura Benoit, individually and in her official capacity as Warden of the Acadia Parish Jail and an employee of the Acadia Parish Sheriff's Office; Jody Thibeaux, individually and in his official capacity as Assistant Warden of the Acadia Parish Jail and an employee of the Acadia Parish Sheriff's Office; and Acadia Parish Police Jury, the owner of the Acadia Parish Jail.

---

[15] *Id.* at ¶ 46.
[16] *Id.* at ¶ 47.
[17] *Id.* at ¶ 49.
[18] *Id.* at ¶ 50.
[19] *Id.* at ¶ 54.
[20] *Id.* at ¶ 56.
[21] *Id.* at ¶ 57.
[22] *Id.* at ¶ 60.

3

The present motion was filed solely by the Acadia Parish Police Jury (the "Police Jury"). The Police Jury asserts that it is not the custodian of the Acadia Parish Jail and had no responsibility and/or control over the maintenance, management, and operation of the Parish Jail. Accordingly, the Police Jury argues that it cannot, as a matter of law, be liable for the federal and state law claims asserted by Plaintiffs.

## II.
## LEGAL ANALYSIS

**1. Summary Judgment Standard.**

Summary judgment is proper if the pleadings, discovery products on file, and affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The purpose of summary judgment is to pierce the pleadings, to assess the proof, and to determine whether there is a genuine need for trial.[23] Summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses.[24] If the movant bears the burden of persuasion at trial on a claim or defense addressed in the motion for summary judgment, the movant must establish that there is no genuine dispute of material fact as to those claims or defenses. To satisfy this burden, the movant must come forward with competent summary judgment evidence conclusively establishing that no reasonable trier of fact could find other than for the moving party.[25] To avoid summary judgment, the non-movant must then come forward with evidence showing that there is a genuine dispute of material fact.

If the non-moving party has the burden of persuasion at trial with respect to an issue addressed in the motion for summary judgment, the moving party may satisfy its initial burden by

---

[23] *See Matsushita Electric Industries v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
[24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[25] *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986).

either (1) demonstrating affirmatively that there is no triable issue of fact as to each element of the non-moving party's affirmative defenses or claims, or (2) "showing" that the non-moving party cannot present evidence sufficient to satisfy the essential elements of its defenses or claims and thus cannot meet its burden of persuasion at trial.[26] If the moving party makes a showing that there is "no evidence" to support the non-moving party's claims or defenses, the non-moving party must come forward with "substantial" evidence showing a genuine dispute of material fact with respect to each essential element of its affirmative defenses or claims.[27] Substantial evidence for purposes of defeating summary judgment is evidence sufficient to support a jury verdict in the non-movant's favor.[28] Under this standard, the non-movant cannot rely on unsupported assertions or arguments, but must submit sufficiently probative evidence supporting its claims or defenses. Even if the burden shifts to the non-moving party, the movant still retains the ultimate burden of persuasion on the motion for summary judgment.[29]

In considering a summary judgment motion, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[30] "Credibility determinations are not part of the summary judgment analysis."[31] Rule 56 "mandates the entry of summary judgment . . . against a

---

[26] *Celotex Corp.*, 477 U.S. at 324–326, 106 S.Ct. 2548.
[27] *Id.*
[28] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[29] *Celotex Corp.*, 477 U.S. at 330–331, 106 S.Ct. 2548.
[30] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[31] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

5

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[32]

### 2. Legal Obligations of Police Juries.

Under Louisiana law, the police jury of each parish is required to provide a "good and sufficient jail."[33] The governing authority of each parish is responsible for "the physical maintenance of all parish jails and prisons."[34] The parish sheriff's office is "the keeper" of the parish jail.[35] By statute, the sheriff's office must supply inmates with "wholesome food sufficient in quantity for the proper maintenance of life."[36] Under Louisiana law, a police jury's fiscal responsibility for a parish jail does not grant the police jury any authority to control how the sheriff's office fulfills its duties as keeper of the parish jail.[37]

---

[32] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[33] La. R.S. 33:4715.
[34] La. R.S. 15:702.
[35] La. R.S. 15:704.
[36] La. R.S. 15:705.
[37] *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 670 (La. 1981). In *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998), the court observed that:

> Sheriffs in Louisiana are final policy makers with respect to management of the jail. The Sheriff's policy-making authority over management of the jail is not the result of a delegation from the Parish or any other local governmental entity. The Sheriff's authority is derived from the state constitution, not the parish. *See* La. Const. art. 5 § 27.
>
> Under Louisiana law, it is the Sheriff's office that has the obligation to provide medical care for the prisoners. The Sheriff's office also controls the inmates of the jail, the employees of the jail, and the daily operation of the jail. *See* La.Rev.Stat. ann. § 33:1435; 15:704; *O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir.1985) (quoting *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La.App. 1st Cir.), writ denied, 415 So.2d 940 (La.1982)). The deputies are employees of the Sheriff. *See Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 670 (La.1981); uncontroverted affidavits of Captain Gregory Longino, Major Laron Hunter, and Sherri Mederos (administrator for the St. Tammany Parish Police Jury). The Parish has no authority to manage the Sheriff's employees. The Parish exercises no power or discretion in the functioning of the Sheriff's office or the jail. The Parish's responsibility to the jail is limited to the funding of the jail. *See* La.Rev.Stat. ann. § 15:702; *Amiss*, 411 So.2d at 1141. The Parish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties. *See Jenkins*, 402 So.2d at 671 (neither the state nor the parish exercises any significant control over Sheriff's deputies). Under this scheme, the Sheriff's policy-making decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to the Parish.

6

The Acadia Parish Jail is owned by the Police Jury, but the responsibility for the daily operation and maintenance of the jail is vested exclusively with the Acadia Parish Sheriff's Department.[38] The responsibility for providing all aspects of inmate care at the Parish Jail--including security, medical screening, medical care and treatment--were the responsibility of the Acadia Parish Sheriff's Department.[39] All employees of the Acadia Parish Jail are employees of the Acadia Parish Sheriff's Department.[40] The only responsibility of the Police Jury relative to the Parish Jail is to provide funds to purchase necessary materials, cleaning supplies, to pay for one-half of the salary of the jail physician, and to pay for medical expenses incurred by parish inmates after the expenses are incurred.[41] All decisions regarding staffing, inmate care, safety and security are handled exclusively by the Acadia Parish Sheriff's Department.[42] The summary judgment record establishes that the Police Jury has no involvement or authority with respect to inmate booking and classification, cell assignments, monitoring, safety and security.[43] Rather, all aspects of the management, care and treatment of inmates at the Parish Jail are vested in the Acadia Parish Sheriff's Department.[44]

Plaintiffs' claims fall into three broad categories: (1) operational aspects of the Parish Jail involving inmate classification and control of violent inmates; (2) allegations involving the physical maintenance and operation of the Parish Jail's security system, including cameras and the intercom system; and (3) the Parish Jail's provision of adequate medical treatment. Plaintiffs' allegations about the day-to-day operation of the Parish Jail cannot support Plaintiffs' claims

---

[38] Affidavit of A.J. Broussard, Document 32.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*

7

because these matters fall under the sole and exclusive control of the Acadia Parish Sheriff's Office, not the Police Jury.[45]

With respect to the operation of the Parish Jail's security system, Plaintiffs argue that the Police Jury is liable for the Parish Jail's inoperable security system because of its duty to provide "a good and sufficient jail" and its responsibility for maintenance. This argument is inconsistent with Louisiana law on the Police Jury's duties: the duty of a policy jury is to provide "a good and sufficient jail and *funds* for its maintenance."[46] While, the Police Jury is obligated to provide adequate funding to maintain the Parish Jail, Louisiana law imposes no duty on the Police Jury to perform actual maintenance to the Jail's security system.[47] The operation and functioning of a jail's security system involves the daily management and operation of the jail, and thus falls under the authority of the parish sheriff. Plaintiff has presented no evidence to indicate that there were any requests for funding to repair or replace the Jail's security system, or that any funding requests for the security system were denied by the Police Jury.

Finally, with respect to medical care, the summary judgment record shows that the Police Jury's only responsibility as far as medical care is to fund medical expenses after they are incurred, as well as funding fifty percent of the salary of the Parish Jail's physician. How that medical treatment is administered to inmates at the Parish Jail falls within the sole and exclusive control of the Acadia Parish Sheriff's Office: "Sheriffs in Louisiana are final policy makers with respect to management of the parish jail, ***this includes the obligation to provide medical care*** for the

---

[45] *Jones*, 4 F.Supp. 2d at 613.
[46] *See Gorton v. Ouachita Parish Police Jury*, 814 So.2d 95, 108 (La. App. 2 Cir. 4/3/02) (emphasis added).
[47] *Jones*, 4 F.Supp. 2d at 613 ("The Parish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties.")

prisoners, and the oversight and control over the employees ... of the jail, as well as the daily function and operation of the jail."[48]

### III.
### CONCLUSION

The Court finds that there is no genuine question of material fact that the Police Jury had no operational control over the Acadia Parish Jail. Because Plaintiffs' federal and state law claims are grounded on matters involving the internal operation of the Parish Jail, they cannot establish all of the essential elements of their claims against the Police Jury. Accordingly, the Police Jury's Motion for Summary Judgment or Alternatively for Partial Summary Judgment [ECF 15] is GRANTED; all claims asserted against the Acadia Parish Police Jury are DISMISSED.

THUS DONE in Chambers on this 1st day of September, 2020.

Robert R. Summerhays
United States District Judge

---

[48] *Means v. Durel*, No. CV 6:15-0096, 2016 WL 447720, at *8 (W.D. La. Feb. 4, 2016) (citing *Jones*, 4 F.Supp. 2d at 613) (emphasis added).